IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GREGORY KENNY LEE, AIS # 184070,:

     Plaintiff,            :

vs.                       :  CIVIL ACTION 08-0730-CG-M

WARDEN FOLK, *et al.,*     :

     Defendants.       :

REPORT AND RECOMMENDATION

This § 1983 action, filed by an Alabama prison inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis,* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.[1] After review of Plaintiff's action, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

---

[1]It is hereby **ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees be **DENIED** in light of the Court's findings herein.  (Doc. 4).

unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff had more than three actions that were previously dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See Lee v. Aycock,* CA 97-1806-UWC-TMP (N.D. Ala. Apr. 10, 1998); *Lee v. Haley, et al.,* CA 00-0985-MHT-VPM (M.D. Ala. Sept. 8, 2000); *Lee v. Haley, et al.,* CA 02-1343-WHA-VPM (M.D. Ala. Jan. 29, 2003); *Lee v. Holt, et al.,* CA 03-1055-ID-VPM (M.D. Ala. Dec. 16, 2003); *Lee v. Smith, et al.,* CA 03-1237-SLB-TMP (N.D. Ala. Apr. 20, 2006); and *Lee v. Campbell, et al.,* CA 03-1812-IPJ-TMP (N.D. Ala. May 1, 2006).  In addition to these dismissals, Plaintiff filed at least ten actions that were dismissed pursuant to § 1915(g) because he did not pay the filing fee when he initiated the action.[2]

---

[2]The following actions filed by plaintiff were dismissed pursuant to § 1915(g): *Lee v. Campbell,* CA 04-0773-S-NE (N.D. Ala. Apr. 30, 2004); *Lee v. Boyeet, et al.,* CA 04-2256-TMP (N.D. Ala. Aug. 4, 2004); *Lee v. Mrs. Arnold, et al.,* CA 05-0108-VPM-MEF (M.D. Ala. Mar. 14, 2005); *Lee v. Hill, et al.,* CA 05-1042-ID-DRB (M.D. Ala. Dec. 1, 2005); *Lee v. Thomas,* CA 06-0451-WKM-VRM (M.D. Ala. June 15, 2006); *Lee v. Hope, et al.,* CA 06-0443-MEF-VPM (M.D. Ala. June 16, 2006); *Lee v. Hope, et al.,* CA 07-0795-WKW-WC (M.D. Ala. Sept. 26, 2007); *Lee v. Ferrell, et al.,* CA 07-0773- MHT-WC (M.D. Ala. Oct. 23, 2007); *Lee v. Hope, et al.,* CA 07-0996-WHA-WC (M.D. Ala. Dec. 4, 2007); *Lee v. Marcus, et al.,* 08-0568-WHA-WC (M.D. Ala. Aug. 20, 2008).

Therefore, in order for Plaintiff to avoid 28 U.S.C. § 1915(g)'s application, it is incumbent on him to show that at the time of his action's filing he was "under imminent danger of serious physical injury." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). The actual filing of the original Complaint occurred between December 16, 2008, when a prison official completed the certificate portion of his Motion to Proceed Without Prepayment of Fees (Doc. 2), and December 19, 2008, when the Complaint's envelope was postmarked. *See Houston v. Lack*, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing); *Garvey v. Vaughn,* 993 F.2d 776, 783 (11th Cir. 1993) (applying *Houston v. Lack* to a prisoner's filing of a § 1983 action). In addition, Plaintiff indicates that he filed the present Complaint on December 17, 2008, when he responded to the complaint form's questions about the filing date of a prior lawsuit. (Doc. 1 at 2).

On the Complaint form and in the first attachment to the Complaint (Doc. 1 at 7) ("complaint"), Plaintiff presents two claims, one for lack of medical treatment and another for failure to protect. Plaintiff alleges that every time he goes to the Health Care Unit the medical personnel will not see him,

including the supervisor.  He claims now to be passing blood.  No other details are provided concerning this condition.  In relation to his attempts to gain medical assistance, he alleges that he has been told by a correctional official to "get out of her face," each shift has "holle[red] and cusse[d]" him, mace has been sprayed on him, and the warden has refused to help him.

Plaintiff's other claim is related to an assault that occurred on December 25, 2007, which resulted in Plaintiff's being hospitalized for three months.  After the assault Plaintiff felt his life was in danger and was told by Captain Hetrick that he would be transferred.  However, Warden Myers told Plaintiff that he would have to stay at Fountain Correctional Center.  Plaintiff alleges that he fears for his life, but does not give facts on which he bases this fear except for the prior assault.  For relief, Plaintiff requests to be transferred to another camp and receive $250,000 for his pain and suffering.

In addition to these claims, Plaintiff attached a document dated September 23, 2008, in which he complains about a nurse assaulting him by "slamming" him in a chair, which caused him to hit his head.  As a result he has headaches and has spit up blood.  He also alleges that the second shift nurses have been tearing up his requests and "cussing [him] out" every time he sees them.  (Doc. 1 at 8).

Plaintiff also attached another document bearing a date of

4

"Dec. 9th 08," as best the Court can determine, concerning Warden Folks sexually assaulting him.  In concluding this document, Plaintiff states "they assaulted me they put something in my food and made me sick, I have been throwing up.  I would like to go to a free-world hospital that's the whole truth & nothing else set me free."  (Doc. 1 at 9).

The Complaint and the attached documents at pages 8 and 9 contain allegations that are not shown to be related to each other.  Typically, another action would need to be filed for an unrelated claim.  Nonetheless, the Court will discuss all the allegations.

Finding that the time period for the Complaint's filing is between December 16, 2008, and December 19, 2008, the claims contained in the attachment dated September 23, 2008, do not satisfy § 1915(g)'s requirement that the claims be imminent. (Doc. 1 at 8).  These claims occurred at least three months before the filing of the Complaint.  Section 1915(g)'s exception allows only those claims to proceed that are imminent or posing a danger of serious physical injury at the time of the Complaint's filing.  *Medberry,* 185 F.3d at 1193.

Then in the attachment dated "Dec. 9th 08," Plaintiff complains about Warden Folks.  This person is not named as a Defendant in this action.  Thus, this claim cannot proceed.  *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (finding

5

that a plaintiff must establish a causal connection between a defendant's actions, orders, customs, policies, or breaches of statutory duty and a deprivation of the plaintiff's constitutional rights in order to state a claim upon which relief may be granted in a § 1983 action); *see also* Cmplt. Form at 1(D) (requiring defendants to the action be listed in Sec. III of the form).[3]  Furthermore, Warden Folks and others were named as Defendants by Plaintiff for sexual harassment that occurred on April 5, 2007, and for a sexual assault that occurred on November 26, 2007, at Easterling Correctional Facility in another pending action.  *See Lee v. Warden Folk, et al.,* CA 07-0867-KD-M (S.D. Ala.).  That action is being recommended for dismissal pursuant to 28 U.S.C. § 1915(g).

Turning to the remaining claims (Doc. 1 at 1-7), Plaintiff's allegations have failed to show that he is "under imminent danger of serious physical injury."  Looking at the Complaint (Doc. 1 at 1-7) as a whole, Plaintiff's claims for lack of medical treatment and for failure to protect are vaguely and conclusorily pled. *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004) ("[T]he issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury.").  This type of pleading is

_____

[3]In addition, Plaintiff has not listed Warden Folks as a Defendant in the style of this action where he wrote a laundry list for Defendants to this action, most of whom are not included in Section III.  *See* Doc. 1 at 1.

insufficient to satisfy § 1915(g)'s exception.  Plaintiff complains about being "sick" and "passing blood."  Specific factual allegations describing Plaintiff's sickness are absent as well as allegations demonstrating that this sickness if left untreated would pose an imminent danger of serious physical injury to Plaintiff.

In regard to the passing-of-blood aspect of this claim, Plaintiff has failed to put forward specific factual details to allow the Court to draw the conclusion that he is under imminent danger of serious physical injury if this condition is not treated.  In fact, the opening from which the blood is passing is not mentioned.  The Court could assume from the phrasing that Plaintiff meant rectal bleeding, but then he mentions in the document dated September 23, 2008, that he was "spitting up blood." (Doc. 1 at 8).  Furthermore, the Court can discern different causes for rectal bleeding, some of which do not pose an imminent danger of serious physical injury if not treated and which can heal of their own accord

The Eleventh Circuit in *Skillern v. Paul,* 202 Fed. Appx. 343 (11th Cir. 2006) (unpublished),[4] rejected the argument that an imminent danger is to be presumed when a medical issue is raised by a prisoner, and found that the vague allegations did not

---

[4]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

satisfy § 1915(g)'s dictates.  *Id.*  Rather, specific factual allegations are required to show a present imminent danger that may result in a serious physical injury.  *Brown,* 387 F.3d at 1349-50; *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir.), *cert. denied,* 526 U.S. 1008 (1999); *see Ball v. Allen,* CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, J.) ("The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient.") (citation and quotation marks omitted).  Here, Plaintiff's vague allegations of being sick and passing blood are insufficient to invoke § 1915(g)'s exception.

Turning to the failure to protect claim, Plaintiff has merely alleged that he fears for his life.  (Doc. 1 at 9).  The only information offered to support this assertion is that almost a year prior to filing the Complaint, on December 25, 2007, he was assaulted by inmates which resulted in his hospitalization for three month.  This past conduct cannot serve as a basis for the exception to § 1915(g).  *Medberry,* 185 F.3d at 1193.  It is only the ongoing or imminent conduct that provides a basis for entitlement to § 1915(g)'s exception.  Plaintiff's conclusory allegation that he fears for his life is therefore unsupported by

8

specific factual allegations that show an imminent danger of
serious physical injury.  Accordingly, Plaintiff's vague failure-
to-protect claim is insufficient to invoke § 1915(g)'s exception.
*Smith v. Harris,* 2007 WL 710172, at *3 (N.D. Fla. 2007) ("General
allegations that are not grounded in specific facts which
indicate that serious physical injury is imminent are not
sufficient to invoke the exception to § 1915(g)."); *see Martin v.
Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (finding, as
conclusory, and thereby insufficient to support § 1915's
exception, the general assertion that "defendants were trying to
kill [plaintiff] by forcing him to work in extreme conditions
despite his blood pressure condition"); *cf. Ashley v. Dilworth,*
147 F.3d 715, 717 (8th Cir. 1998) (finding the many, specific
factual allegations demonstrated an ongoing danger from fellow
inmates to assault the plaintiff, thereby allowing the plaintiff
to proceed under § 1915(g)'s exception).

Because Plaintiff cannot avail himself of § 1915(g)'s
exception, and on account of his failure to pay the $350.00
filing fee at the time he filed this action, Plaintiff's action
is due to be dismissed without prejudice.  *Dupree v. Palmer,* 284
F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be
dismissed without prejudice when an inmate who is subject to 28
U.S.C. § 1915(g) does not pay the full filing fee at the time he
*initiates* the action); *Vanderberg v. Donaldson,* 259 F.3d 1321,

9

1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).  Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C)*; Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988)*; Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 27th day of February, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE